CRAIG E. FARMER (SB# 61086)   (SPACE BELOW FOR FILING STAMP ONLY)
FARMER, MURPHY, SMITH & ALLISTON
3640 American River Drive, Suite 150
Sacramento, CA  95864

Telephone: (916) 484-3500
Fax: (916) 484-3510

Attorneys for PROGRESSIVE SPECIALTY RISK INSURANCE COMPANY, SPECIALTY RISK INSURANCE COMPANY, PROGRESSIVE CASUALTY INSURANCE COMPANY, and PROGRESSIVE HOME INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN EDDINGFIELD and CHRISTINE EDDINGFIELD,<br><br>   Plaintiffs,<br><br>v.<br><br>PROGRESSIVE SPECIALTY RISK INSURANCE COMPANY, SPECIALTY RISK INSURANCE COMPANY, PROGRESSIVE CASUALTY INSURANCE COMPANY, PROGRESSIVE HOME INSURANCE COMPANY and DOES 1-20, inclusive,<br><br>   Defendants. | Case No.  CIV S-04-2676 FCD/DAD<br><br>**STIPULATED PROTECTIVE ORDER RE: DISCOVERY** |

Plaintiffs Steven Eddingfield and Christine Eddingfield ("Eddingfields") and Defendants PROGRESSIVE SPECIALTY RISK INSURANCE COMPANY, SPECIALTY RISK INSURANCE COMPANY, PROGRESSIVE CASUALTY INSURANCE COMPANY, and PROGRESSIVE HOME INSURANCE COMPANY (collectively "Progressive") through their respective counsel of record hereby stipulate to the following protective order which pertains to Specialty Risk Insurance Company's response to Request for Production of Documents and Things, Set One by the Eddingfields.

Whereas, Progressive asserts that documents called for in Request Nos. 6 and 7 contain

confidential and proprietary information, and Progressive and Eddingfields wish to protect the asserted confidential information from unnecessary dissemination or disclosure during the course of discovery and/or trial of this action:

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, through their respective undersigned counsel, as follows:

1. The documents to be produced by Progressive's counsel to Eddingfields and their counsel in response to Request Nos. 6 and 7, are asserted by Progressive to contain confidential information;

2. Progressive is permitted to label such documents produced to and for the parties in this action, under this protective order, as "Confidential." Such documents shall be deemed "Confidential" and subject to this Protective Order;

3. The parties shall only utilize such documents, including any reference to the contents of these documents, any derivative use of the information contained in these documents, including in any written analysis, discovery responses, deposition testimony which specifically addresses the documents, subject to this Protective Order only for the purposes of this litigation;

4. Access to the documents identified in paragraph 1 shall be limited to the following persons: (a) the parties to this action; (b) the parties' respective counsel and other attorneys in the firms of the parties' respective counsel for this action; (c) agents and employees of the parties' counsel; (d) experts, expert witnesses and consultants engaged by the parties and/or the parties' counsel in connection with this litigation; (e) the Court and court personnel; (f) the court reporter who transcribes testimony regarding such Confidential information at a deposition; and (g) mediators or arbitrators retained for settlement or arbitration of this action. Persons who are permitted access to said documents shall be advised that such documents marked "Confidential," are subject to this Protective Order. No copies of the documents identified in paragraph 1 shall be made except by or

on behalf of the parties' counsel, and said copies shall be subject to this Protective Order.

5. Persons who are permitted access to the documents identified in paragraph 1 shall not discuss information contained in said documents with any person other than those persons permitted access to said documents by virtue of this Protective Order.

6. The parties' counsel shall take reasonable precautions to prevent unauthorized or inadvertent disclosure of the documents identified in paragraph 1. When not in use, the documents identified in paragraph 1 shall be stored in a reasonably secure area of the offices of the respective parties' counsel.

7. No person shall use any documents identified in paragraph 1 or the information contained therein for purposes other than this litigation.

8. If any of the parties or their respective counsel in this action use any of the documents identified in paragraph 1 as exhibits to any pre-trial or discovery motions, and/or file pleadings pertaining to said motions which reveal information contained in the documents described by paragraph 1, the parties' counsel shall file and serve said exhibits and/or pleadings, in a sealed envelope labeled on the outside with a cover sheet containing the caption of the action and a statement substantially in the following form:

### Confidential - Subject to Stipulation:

This envelope (or container) is not to be opened nor the contents thereof to be displayed or revealed except to the court, or except by court order or by agreement of the parties.

9. If any Confidential information described in paragraph 1 is the subject of inquiry at a deposition, the portion of the original of the transcript which sets forth or contains such Confidential information, or any exhibit to the deposition which contains such Confidential information shall be sealed by the court reporter and shall not be filed except pursuant to the provisions of this Protective Order.

10.     This Protective Order shall be without prejudice to the right of the parties to bring before the Court at any time the question of whether any particular document or information designated to be protected under this Protective Order is confidential or whether its use should be restricted.  However, disclosure of any documents described in paragraph 1 or derivative information from such documents that are disclosed pursuant to this Protective Order will not be deemed to be a waiver of any applicable privilege to the disclosed documents or information by the disclosing party.

11.     Upon final determination of this action by settlement or entry of final judgment (including appellate proceedings), the parties' respective counsel shall assemble and return the documents identified in paragraph 1 (and copies thereof) to counsel for Progressive.  Determination of this action shall not automatically terminate this stipulation.

12.     Any party hereto shall be free to move the Court having jurisdiction in this matter to modify or rescind this stipulation.

IT IS SO STIPULATED.

Dated: June 15, 2005.                FARMER, MURPHY, SMITH & ALLISTON

By: ___/s/_____
    Craig E. Farmer

Dated: May 16, 2005.                DIVELBISS & BONZELL, LLP

By: __/s/_____
    Scott A. Bonzell

This order is deemed to comply with Local Rule 39-138(b) with respect to all documents submitted pursuant thereto.  After final disposition of the case, the parties shall request that either the

documents filed under seal be unsealed or withdrawn from the custody of the Clerk by the filing party.

**IT IS SO ORDERED.**

DATED: June 17, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

**Ddad1/orders/civil/eddingfield2676.stipord**